IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 1:23-cr-00341-RBW-1 |
| | : | |
| ANNA LICHNOWSKI | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT ANNA LICHNOWSKI RESPONSE
TO UNITED STATES' OMNIBUS MOTION *IN LIMINE*** 

Anna Lichnowski, defendant, by counsel, in response to the Government's Omnibus Motion in Limine.

I.   **The Montage Video Should Not Be Admitted.**

The Government's motion *in limine* seeks to admit a "montage" of the government's selection of videos of events at the U.S. Capitol on January 6, 2021. The montage extends outside the zone of the defendant's conduct and is not relevant to prove any fact material to the charges in her case. In addition, the montage shows violence by some protestors, over whom she did not observe or participate in, and over which she had no control, and the introduction of such evidence would be prejudicial.

Contrary to claims made in the government's motion, the defendant did not participate in "a riot." She entered the Capitol through an open Senate Wing door at 2:53 p.m. The montage contains only three clips relevant to the activity around the Senate Wing door. The first clip is at 2:12 p.m. and shows, from camera #0102 inside the lobby, persons breaking windows and entering the Capitol, and then forcing open an unguarded and undefended Senate Wing door. The next clip is at 2:48 p.m., about 5 minutes before the defendant comes through the door. It shows a surge of people coming through the same door, and several officers trying to keep them out. The crowd

1

pushes open the door and people enter. The next clip is at 3:39 p.m., which shows the lobby cleared of people and police officers standing at the door. The foregoing clips are not relevant because the defendant did not enter the building until 2:53 p.m., which is after the times of the first two clips. She did not witness the conduct in the first two clips. When she entered through the Senate Wing door at 2:53 p.m., that door was wide open and many officers were present in the lobby. Those officers are not trying to stop anyone from entering. Instead, they allowed the defendant and others to walk south into the Crypt. The defendant spent a little over half an hour in the building; she obeyed orders and then left when she was directed to do so. She neither assaulted any officer nor witnessed or destroyed any property while inside the Capitol. And during the time she was inside the Capitol, Congress was in recess. While inside the Capitol, the defendant never entered any office or either the House or Senate chambers.

The defendant is charged with four misdemeanors. Two offenses come under 18 U.S.C. § 1752 (a)(1) & (2), which allege that she entered and remained in a restricted building and grounds, first, and second, that she acted in a disorderly or disruptive manner in a restricted area. She is also charged with willfully and knowingly engaging in disorderly conduct in the Capitol building (40 U.S.C. § 5104(e)(2)(D) and parading, demonstrating, and picketing in a Capitol building (40 U.S.C. § 5104(e)(2)(G)).

"Relevant" evidence is defined as evidence that has a tendency to make a fact of consequence more probable than if the evidence was not admitted. F.R.Evid. 401(b). The montage is not relevant because it does not include the defendant's conduct or her presence. As such, it is not probative of any fact material to prove the guilt of the defendant and should not be admissible under F.R.Evid. 402.

Even relevant evidence may not be admissible due to its potential prejudicial effect. F.R.Evid. 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of issues, or misleads the factfinder.  Because the montage focuses on the conduct of others, there is a significant danger that its admission into evidence may result in undue prejudice by influencing the fact-finder to find guilt by association or on the mere fact that she was simply *there*.

 A criminal trial should be an individualized assessment of the evidence as to the *defendant's* conduct.  It is not an invitation to conduct a wide-ranging excursion into the conduct of hundreds of other people, whose conduct does not match the defendant's actions, and over whom she had no control. The evidence against the defendant should be laser-focused on her conduct and what she knew. Because the montage does the exact opposite, it should not be admitted.

> II. **The Government Requests to Restrict Defense Cross Examination Concerning Secret Service Protocols and Practices, or the Precise Locations of Cameras, Are Premature.  Alternatively, the Defendant's Right of Confrontation May Not Be Infringed By Unreasonable Restrictions on Cross-Examination.**

The Government seeks an Order to foreclose cross-examination of any governmental witness with respect to the location of cameras and Secret Service protocols, practices, etc. At this stage, a request to restrict questioning on these matters is premature.  Whether such restrictions are appropriate can only be known when the evidence develops at trial.

But we can say this much now.  The Vice President's presence within a restricted building or grounds is a required element of the offense under § 1752(c)(1)(B). Appropriate examination of a Secret Service witness with respect to this issue cannot be restricted consistent with the defendant's right of confrontation under the Sixth Amendment.  In addition, the defendant objects to any restrictions of a less than thorough examination of the facts regarding the Secret Service's

3

role in creating restricted areas on January 6th, their demarcations, and boundaries, and how they were determined.

At this point, whether the precise location of cameras becomes an issue of concern is unknown. But if it becomes an issue, the defendant's right of confrontation cannot be unduly restricted.

In sum, limitations on cross-examination may not impinge on the defendant's right to make his defense or unduly limit the right of confrontation of witnesses.

Based upon the foregoing, the Government's motion *in limine* regarding cross-examination of U.S. Secret Service witnesses or the location of cameras should be denied.

### III. The Defendant's Statements – Aside from One—Are Not Relevant to Prove Any Fact of Consequence.

The Government argues that the following statements made by the defendant are admissible to prove the defendant's intent or some other unspecified element of a crime.

**December 17, 2020**: "aw, you probably believe there's no voter fraud occurring either"

**January 3, 2021:** "I'm going to DC the 5th and 6th!!!"

**January 7, 2021:** "this was all a strategic distraction to take the public eye off the priority – the fact that our elections were not free and fair"

**January 16, 2024:** "ANTIFA and BLM were responsible for violence and riots. They instigated and riled up some Trump supporters who were dumb enough to play into their manipulation, yes, and those people were arrested and are paying their dues, unlike the scumbags who really did this. But the riot was PLANNED and executed by ANTIFA and BLM, not Trumpsters."

The statements on December 17th, 2020, January 7th, 2021, and January 16th, 2021, are inadmissible on the grounds that they express the defendant's abstract beliefs about the Presidential election of 2020 because such beliefs are protected by the First Amendment. Proof consisting of "nothing more than [the defendant's] abstract beliefs violates the defendant's First Amendment

4

rights. *Dawson v. Delaware*, 503 U.S. 159 (1992)(evidence introduced at a capitol-sentencing hearing that the defendant was a member of a white supremacist prison gang proved nothing more than the defendant's abstract beliefs and violated his First Amendment rights). The defendant's statements prove only that she had certain beliefs about the lack of integrity of the election and why the events of January 6th happened. The government has not explained how those statements prove an intent to commit the crimes she is charged with. To admit those statements violates the defendant's First Amendment rights.

The January 3rd, 2021, statement is evidence relevant to show an intent to come to Washington D.C. for the rally scheduled on January 6th. So, there is no argument by the defendant that that statement is not admissible, assuming appropriate requirements of proof are met.

**IV.   The Government's Claim that Defendant May Not Raise A First Amendment Defense is Devoid of Merit.**

The Government moves to preclude the defendant from arguing that her conduct was protected by the First Amendment. The argument is specious.

The events of January 6th were political in nature and the persons who gathered and assembled to speak out in protest of the election lie at the very core of the First Amendment. It is the essence of why the defendant came to Washington, D.C. on January 6. The grounds of the Capitol are public fora for the exercise of free speech and assembly. "We have long recognized that the Capitol grounds – a series of lawns, only partially walled, surrounding the Capitol buildings – as a traditional public forum." *John Maron Nassif v. United States*, U.S. Court of Appeals for the D.C. Cir., No. 23-3069, 04-29-24, p. 9 *(citing Lederman v. United States*, 291 F.3d 36, 46 (D.C. Cir. 2002). *See*, *Jeanette Rankin Brigade v. Chief of Capitol Police*, 342 F.Supp. 575, 584 (D.D.C. (three judge panel), *aff'd*, 409 U.S. 972 (1972)("Nor is the primary purpose for which the Capitol was designed – legislating—incompatible with the existence of all parades,

5

assemblages, or processions which may take place on those grounds."). Given that the purpose of the defendant's conduct involved speech, assembly, and redress of grievances, the exercise of presumptively First Amendment activities clearly warrants protection from government infringement.

It may be conceded that criminal acts, such as physical assault, are not protected by the First Amendment. But where regulations and statutes are applied to activities that arise in the context of a political protest, the courts must take care that actions that are protected by the First Amendment are not punished.

### V. The Defendant May Defend Against a Claim that She Acted Without Lawful Authority and or that She Acted Willfully.

It is the government's burden to prove beyond a reasonable doubt the elements of the offenses charged. One of the elements of the offense of entering or remaining in a restricted building or grounds is that the person acted without lawful authority. § 1752(a)(1). If the restricted area was not posted, cordoned off, or otherwise demarcated as "restricted" as required by subparagraph (c)(1) of that section, then it may not be proven that the person has acted "without lawful authority." In making this defense, the defendant has no burden to assert a public authority defense under Rule 12.3(a)(1), as it is the government's burden to prove that the defendant acted without lawful authority.

The defendant must be able to argue that the presence of law enforcement officers in the Capitol who did not refuse her entry into the Capitol or tell her to leave bears on whether her conduct was willful under the Title 40 offenses. A "'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *United States v. Burden*, 934 F.3d 675, 690 (D.C. Cir. 2019)(quoting *Bryan v. United States*, 524 U.S. 184, 191-92

(1998). Proof that officers were present and did not stop or arrest the defendant upon entry to the Capitol or while she was inside is relevant to show that the defendant did not act with a bad purpose or an intent to disobey the law.

In conclusion, the government's omnibus motion *in limine* should be denied.

    /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301 699-8706 Fax
TRoberts@robertsandwood.com

/s Augustus Invictus
Augustus Invictus, Esq.
424 E Central Blvd. # 731
Orlando, FL 32801-1923
Phone: (407) 625-5636
invictuspa@protonmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed on June 7, 2024, via the CM/ECF File & Serve system, and an electronic copy was e-served on:

Eric. W. Boylan
Jake E. Struebing
Assistant U.S. Attorneys
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20053
Eric.Boylan@usdoj.gov
Jake.Struebing@usdoj.gov

    /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III