UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-MJ-00181-RMM |
| | : | |
| ANNA LICHNOWSKI, | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR BOND PENDING APPEAL

COMES NOW, the Defendant-Appellant, Anna Lichnowski, by and through her undersigned Counsel, and respectfully moves this Court to grant her bond pending the outcome of her appeal pursuant to 18 U.S.C. § 3143(b). In support of this Motion, Defendant-Appellant would state as follows:

**1. Background and Procedural History**

On 08 November 2024, the Defendant was sentenced in relevant part to forty-five (45) days' imprisonment as to Count 1. Defendant is permitted to self-report and is authorized to serve as close as possible to her residence in Florida.

On 21 November 2024, the Defendant filed a Notice of Appeal, challenging the conviction. Appeal No. 24-3164 is currently pending before the U.S. Court of Appeals for the District of Columbia.

**2. Legal Standard for Bond Pending Appeal**

Under 18 U.S.C. 3143(b), a defendant may be granted bond pending appeal if the Court determines (a) "that the person is not likely to flee or pose a danger to the safety of any other person or the community," and (b) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, [or] (iii) a sentence that does not include a term of imprisonment."

2

### 3. The Defendant Meets the Requirements for Bond Pending Appeal

#### a. No Risk of Flight

The Defendant has strong ties to her community. She lives with her fiancé and works and volunteers in the community. The Defendant is not a flight risk and has fully complied with all terms and conditions of pretrial release and sentencing to date. The Defendant has appeared at all hearings, her trial, and sentencing without issue. Moreover, it is not reasonable to believe that a Defendant would attempt to flee the country because of a forty-five (45) day sentence. If the Court is inclined to grant this motion, the Defendant is willing to comply with any reasonable conditions of bond the Court deems appropriate.

#### b. No Danger to the Community

The Defendant has no history of violent offenses or any conduct that would suggest a danger to public safety. This is her first offense. The Defendant has consistently demonstrated good behavior while out on bond prior to conviction and has complied with all conditions set by the Court. There is no evidence to suggest that releasing the Defendant pending appeal would present any danger to the community.

#### c. Meritorious Appeal

The Defendant's appeal is not frivolous and is likely to result in a reversal or an order for new trial. The issues raised in the appeal include the insufficiency of the facts to find the Defendant guilty of the crimes with which she was charged. Specifically, Defendant was charged in Count I with Entering and Remaining in a Restricted Building in violation of 18 U.S.C. §1752(a)(1). This is the relevant Count, as this was the Count for which Defendant was sentenced to incarceration.

The Information reads as follows:

On or about January 6, 2021, in the District of Columbia, **ANNA LICHNOWSKI** did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so.

(**Entering and Remaining in a Restricted Building**, in violation of Title 18, United States Code, Section 1752(a)(1))

The Defense repeatedly made the point during trial that the Capitol Building was not "restricted" under 18 U.S.C. 1752(a)(1). The statute would require that the Capitol Building be cordoned off or that signs be posted declaring the Building to be restricted. The evidence at trial showed neither posted signs nor a cordon. The Court stated that the fire alarm and broken glass, among other things, should have signaled to the Defendant that she was not welcome in the Capitol Building at that time – but this is not the meaning of "restricted" under the statute. This limited issue presents a substantial legal question that has a reasonable likelihood of success before the appellate court.

A second limited issue concerning the meaning of "restricted" under the statute is the issue of whether Defendant knew that the Vice President was present at the Capitol Building. Although the Court of Appeals recently decided in the case of Griffin that this knowledge is not required to satisfy the statute, Defendant would rely upon the dissent of Judge Katsas, which states that it is, in fact, required. See U.S. v. Griffin, 119 F. 4th 1001, 1026-37 (2024). Judge Katsas notes in his dissent that six judges in the District Court agreed that this knowledge is required. See Id. at FN 2. It is unknown whether the Defendant-Appellant in Griffin will petition the U.S. Supreme Court for certiorari. If he does, then that case will ultimately affect the Defendant-Appellant in the present case. If he does not, then Defendant-Appellant will so petition. Either way, the Defendant-Appellant in the present case raises a substantial legal question and has a reasonable likelihood of

4

success before the higher courts.

When the Government rested its case at trial, Defense made a Motion for Judgment asking the Court to dismiss Count I on the above grounds. See <u>Transcript of Bench Trial, Trial Day 2</u>, pp. 121-34. After an extensive back-and-forth with Defense Counsel, the Court stated: "If you're right, the Court of Appeals will say you're right if there's a conviction in this case, but you're knocking on a door that ain't opening, so let's move on." <u>Id.</u> at 134. All involved have known that this issue would be appealed all along. The Defendant is not seeking bond to delay the proceedings, but rather to preserve her ability to remain out of custody while the appeal is pending.

**4. The Defendant's Personal Circumstances**

The Defendant has been an active and contributing member of the community. She owns a home with her fiancé and is the homemaker around her full-time role in leading several businesses. Defendant is an integral leader in her current business partnerships, acts as a mentor to other women, and is a positive influence on her colleagues and employees. She was even highlighted on CNN as an entrepreneur helping the local business community that was recently impacted by hurricanes in Florida. Defendant also caretakes for elderly family members in and out of state. In light of these circumstances, detention during the pendency of the appeal would be unnecessarily punitive, especially considering the potential merit of her appeal.

**5. Conclusion**

For the reasons stated above, the Defendant respectfully requests that this Court grant her Motion for Bond Pending Appeal. The Defendant poses no risk of flight or danger to the community, and her appeal presents serious and meritorious issues that justify release while the appeal is pending.

WHEREFORE, PREMISES CONSIDERED, the Defendant-Appellant respectfully requests that this Honorable Court grant this Motion for Bond Pending Appeal and grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

  /s/ Augustus Invictus_____
Augustus Invictus
424 E. Central Blvd. #731
Orlando, Florida 32801
Phone: 407.625.5636
Email: InvictusPA@protonmail.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed via CM/ECF system on 06 December 2024, and an electronic copy was e-served to:

Jake Struebing, Esq.
Assistant United States Attorney
Office of the United States Attorney, District of Columbia
555 4th Street, NW
Washington, D.C. 20530

  /s/ Augustus Invictus_____
Augustus Invictus, Esq.