UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 23-cr-341 (RBW) |
| | : | |
| **ANNA LICHNOWSKI,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR BOND PENDING APPEAL**

The United States respectfully submits this response in opposition to Defendant Anna Lichnowski's motion for bond pending appeal. *See* ECF No. 78. Following a three-day bench trial, on July 10, 2024, the Court convicted Lichnowski on four counts stemming from her participation in the riot at the United States Capitol on January 6, 2021. On November 8, 2024, the Court sentenced Lichnowski to 45 days of incarceration and 3 years of probation. *See* ECF No. 75.

Although Lichnowski has not yet filed her appeal, neither her motion nor the record raises any substantial questions of law or fact likely to result in reversal or a reduced sentence. *First*, Lichnowski retreads an argument that she raised repeatedly at trial, that is, whether 18 U.S.C. § 1752(a)(1) requires a clear, observable demarcation of the restricted area. In *United States v. Griffin*, 119 F.4th 1001 (D.C. Cir. 2024), the D.C. Circuit held that section 1752's text imposes no such requirement, foreclosing a substantial question under the Bail Reform Act's demanding standard. *Second*, Lichnowski argues that section 1752(a)(1) requires the defendant to have knowledge of the Secret Service protectee's presence within the restricted area. The D.C. Circuit's decision in *Griffin* again forecloses this argument and, even so, the government proved at trial that Lichnowski knew the Vice President was or would be temporarily visiting the Capitol on January 6, 2021. The defendant's motion for bond pending appeal is meritless and should be denied.

1

**BACKGROUND**

Lichnowski participated in the riot at the U.S. Capitol on January 6, 2021, which disrupted the certification of the 2020 presidential election. Around 2:53 p.m., Lichnowski unlawfully entered the Senate Wing Doors despite the signs of violent entry, including a blaring alarm, broken glass, rioters climbing through broken windows, and police in riot gear. Upon entering the Senate Wing Doors, Lichnowski joined a disruptive mob chanting "Traitor." From there, Lichnowski proceeded to the Crypt where she sat down on a portable stool and made herself at home while she chanted, "It's Our House!" Meanwhile, Congress could not resume its constitutional duties until every unauthorized individual, including Lichnowski, was removed from the building. Around 3:22 p.m., a U.S. Capitol Police officer approached Lichnowski and instructed her to leave. Lichnowski did not comply and continued to remain unlawfully in the Crypt for another ten minutes. Altogether, Lichnowski remained inside the U.S. Capitol building for nearly 40 minutes.

On July 10, 2024, after a three-day bench trial, the Court found the defendant guilty of violating 18 U.S.C. § 1752(a)(1) (entering or remaining in a restricted building or grounds), 18 U.S.C. § 1752(a)(2) (disorderly or disruptive conduct in a restricted building or grounds), 40 U.S.C. § 5104(e)(2)(D) (disorderly or disruptive conduct on the grounds of or in any U.S. Capitol building), and 40 U.S.C. § 5104(e)(2)(G) (parading, demonstrating, or picketing in the U.S. Capitol building).

On November 8, 2024, the Court sentenced Lichnowski to 45 days of incarceration, 3 years of probation, and 200 hours of community service, and ordered her to pay a fine of $2,000 and restitution in the amount of $500. *See* ECF No. 75. On November 21, 2024, Lichnowski filed a notice of appeal, ECF No. 74, and now seeks to be released on bond pending appeal, ECF No. 78.

**LEGAL STANDARD**

Once a defendant has been convicted and sentenced, she has no presumptive right to remain free on bail. The Bail Reform Act of 1984 "creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). The defendant "shall . . . be detained" unless the Court determines, (A) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to community *and* (B) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(A)-(B). The defendant bears the burden of satisfying these statutory elements. *See Morison v. United States*, 486 U.S. 1306, 1306-07 (1988).

The D.C. Circuit has adopted a two-part inquiry to determine whether a defendant's appeal raises a substantial question of law or fact likely to result in any of the various forms of relief enumerated in section 3143(b)(1)(B): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). "[A] substantial question is a 'close' question or one that very well could be decided the other way." *Id.* The standard is one that is "more demanding" than one used by other circuits that merely requires the issue to be "fairly debatable" or "not frivolous." *United States v. Libby*, 496 F. Supp. 2d 1, 4 (D.D.C. 2007). The D.C. Circuit chose that standard, which it regarded as the "more demanding standard," as "it appears better to accord with the expressed congressional intent to increase the required showing on the part of the defendant" and in recognition that "[t]he law has shifted from a presumption of release to a presumption of valid conviction." *Perholtz*, 836 F.2d. at 555-556. Accordingly, the

defendant "bears the burden of rebutting this presumption and demonstrating that [she] has a substantial question to present upon appeal before [she] may be admitted to bail." *Libby*, 498 F.Supp.2d at 3 (cleaned up).

## ARGUMENT

At sentencing, the Government stated that Lichnowski is not a flight risk or a danger to the community, and therefore does not contest the requirements for release in section 3143(b)(1)(A). Lichnowski has not met her burden, however, on any of the remaining statutory requirements for release pending appeal in section 3143(b)(1)(B). The defendant's motion fundamentally misunderstands the current state of the law and therefore fails to raise any substantial questions. Controlling precedent forecloses both of Lichnowski's arguments that (1) 18 U.S.C. § 1752(a)(1) requires a clear, observable demarcation of the restricted area around the Capitol and (2) 18 U.S.C. § 1752(a)(1) requires the defendant to have knowledge of the Secret Service protectee's presence within the restricted area. Lichnowski has also failed to meet her burden to show that the forthcoming appeal is not for purposes of delay.

I. **THE DEFENDANT'S CLAIMS FAIL TO RAISE SUBSTANTIAL QUESTIONS OF LAW OR FACT LIKELY TO RESULT IN REVERSAL.**

   A. **The Defendant's Claim About Marking the Restricted Area Does Not Present a Substantial Question of Law or Fact.**

In a recurring distortion of law and facts, Lichnowski argues, as she repeatedly did at trial, the 18 U.S.C. § 1752(a)(1) requires the Capitol building to be physically cordoned off or that signs be posted to declare that the building was restricted within the meaning of the statute. *See* ECF No. 78 at 4. According to Lichnowski, the blaring alarm, broken glass, and other signs of violent entry were not sufficient to put her on notice that the Capitol building was, in fact, restricted on

January 6, 2021. This argument is a non-starter because it is foreclosed by binding precedent, and therefore does not present a substantial question likely to result in reversal.

As explained in the government's pretrial briefing (ECF No. 45 at 5-9), there is nothing in the text, structure, or history of section 1752 suggesting that the restricted area must be physically or objectively identified. The government may prove the defendant's knowledge of the restricted area through any number of means including, among other things, posted signs, fences, alarms, broken glass, and police presence. *See United States v. Ballenger*, No. 21-cr-719 (JEB), 2023 WL 4581846, at *3 (D.D.C. July 18, 2023) ("The Court declines to adopt this narrow construction of the broad phrase 'otherwise restricted.' The flash bangs, sirens, blaring alarm, broken glass, and tear gas that Defendants encountered . . . were sufficient to mark the areas they crossed as restricted."); *see also United States v. McHugh*, 583 F. Supp. 3d 1, 30-31 (D.D.C. 2022) ("Congress's failure to specify how an area becomes 'restricted' just means that the statute does not require any particular method for restricting a building or grounds"). Just as a private landowner need not erect a fence or post "no trespassing" signs to declare his land off-limits to visitors, the entity restricting an area under section 1752 need not delineate the restricted area in any particular way.

In *United States v. Griffin*, 119 F.4th 1001 (D.C. Cir. 2024), the D.C. Circuit agreed. In *Griffin*, the defendant argued that "only a clear, observable demarcation would suffice" under section 1752. *Id.* at 1009. Based on a plain reading, the D.C. Circuit held that "[t]he statutory text imposes no such requirement." *Id.* at 1010. Section 1752 "applies to areas made nonpublic by posting signs, cordoning off the area, or in some other way effecting the restriction, *regardless of whether the method consistently and physically stakes out the area's boundaries.*" *Id.* (emphasis added). The court noted that Griffin's argument, like Lichnowski's argument, would lead to absurd

results: "a defendant would be entitled to acquittal so long as he waited until a sufficiently strong gust of wind, a soaking downpour—or even a less scrupulous prior intruder—disposed of law enforcement tape, fencing, or signage before he entered a sensitive area in full awareness he was not lawfully authorized to do so." *Id.* The D.C Circuit ultimately "decline[d] to read the statute to allow a mob to de-restrict an officially restricted area encompassing persons under Secret Service protection." *Id.*

Applying the *Griffin* court's understanding of section 1752, and contrary to Lichnowski's argument, the Capitol and its grounds were "posted, cordoned off, or otherwise restricted" on January 6, 2021. Even if Lichnowski did not see the bike racks and signage marking the physical boundary of the restricted perimeter "because other rioters had cast them aside," that does not magically "strip an area of its restrictions." *Ballenger*, 2023 WL 4581846, at *3. Moreover, by the time Lichnowski entered the building through the Senate Wing Doors, the "blaring alarm" and "broken glass" were "sufficient to mark the area [she] crossed as restricted." *Id.* The evidence at trial showed that, by the time Lichnowski entered the Capitol through the Senate Wing Doors, an alarm was blaring and broken glass from rioters breaking windows littered the ground. Lichnowski testified that she noticed the broken windows and could see individuals climbing through them as she entered the building, but incredibly claimed that she did not think that was a signal she should not enter the building. *See* July 9, 2024 Trial Tr. 166:4-9; July 10, 2024 Trial Tr. 42:7-14. Lichnowski acknowledged in her testimony that she "sporadically" heard the alarm. *See* July 10, 2024 Trial Tr. 44:10-19. Lichnowski also stood mere feet away from a line of U.S. Capitol Police officers in riot gear and she testified that she stayed within "direct view" of those officers. *Id.* at 10:22. Lichnowski even testified that she passed by vandalized furniture on the floor and saw other rioters standing on that furniture as she walked toward the Crypt. *Id.* at 9:17–10:3, 46:8-15. The

evidence at trial was more than sufficient for this Court to conclude that the Capitol qualified as a "restricted building or grounds" on January 6, 2021, and that the defendant knew it.

The defendant's entire theory of the restricted area collapses when one considers that this case is not merely about the defendant's unauthorized trespass at the Senate Wing Doors. Rather, Lichnowski proceeded further into the building and occupied the Crypt for nearly thirty minutes. During that time, a U.S. Capitol Police officer approached Lichnowski and instructed her to leave. *See* July 9, 2024 Trial Tr. 49:8–50:14, 55:19-25; July 10, 2024 Trial Tr. 52:24–54:2. Lichnowski failed to comply with that directive and continued to remain unlawfully in the Crypt for another ten minutes, making no effort to leave. The statute in question, 18 U.S.C. § 1752(a)(1), criminalizes entering *or remaining* in a restricted area—a legal element Lichnowski does not even address. This evidence provides an independent ground on which to sustain the section 1752(a)(1) conviction even assuming—counterfactually—that the defendant did not know the Capitol was restricted at the time of her entry through the Senate Wing Doors.

To the extent Lichnowski argues that she had the right to enter and remain in the Capitol because it is a public forum, that argument is similarly foreclosed by binding circuit precedent. The D.C. Circuit held that Congress did not intend "to open any portion of the Capitol buildings as a public forum for assembly and discourse." *United States v. Nassif*, 97 F.4th 968, 976 (D.C. Cir. 2024); *see also United States v. Baez*, No. 21-cr-507 (PLF), 2023 WL 3846169, at *6 (D.D.C. June 2, 2023) (rejecting argument that the defendant "had a First Amendment right to be inside" the U.S. Capitol building on January 6). Because entry into the Capitol building is "strictly regulated," Lichnowski has not—and cannot—establish that the Capitol is, "by policy or practice, generally open for use by members of the public to voice whatever concerns they may have— much less to use for protests, pickets, or demonstrations." *Nassif*, 97 F.4th at 977. In any event,

7

Lichnowski lost any First Amendment protection she may have had she trespassed into the restricted area and entered the building without authorization, and the demonstration on Capitol grounds, which she participated in, turned into a violent and disruptive riot. *See United States v. Nordean*, 579 F. Supp. 3d 28, 53-54 (D.D.C. 2021).

Because Lichnowski's argument about the restricted area is not a close call under section 3141(b)'s demanding standard, she has failed to meet her burden of presenting a substantial question.

### B. The Defendant's Claim About Section 1752(a)(1)'s Knowledge Requirement Does Not Present a Substantial Question.

Lichnowski next relies on the dissent of Judge Katsas in *United States v. Griffin*, 119 F.4th 1001 (D.C. Cir. 2024) to argue that she must know that the Vice President was at the Capitol on January 6, 2021, for her conviction to stand. *See* ECF No. 78 at 4. This argument is fundamentally flawed for two reasons.

First, in *Griffin*, the D.C. Circuit held that, under section 1752, "knowingly breaching the restricted area suffices, even without knowing the basis of the restriction—here, the presence of Vice President Pence at the Capitol on January 6." 119 F.4th at 1003. The Vice President's presence in the restricted area is merely a jurisdictional element not subject to a knowledge requirement. "[T]he defendant must know [she] is engaged in culpable conduct—trespassing—but [she] need not know the precise basis for federal regulation of that conduct." *Id.* at 1020. Lichnowski's argument about section 1752(a)(1)'s knowledge requirement is foreclosed by *Griffin* and is therefore not likely to succeed on appeal. Lichnowski nonetheless asserts that the defendant in *Griffin* could petition the Supreme Court for a writ of certiorari. ECF No. 78 at 4. But no petition has been filed, let alone granted, and at this stage Lichnowski's mere reliance on the dissenting view is not enough. Indeed, even under the less stringent standard, a substantial question is one

8

that is "either novel, *which has not been decided by controlling precedent*, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985) (emphasis added). Because her argument has already been decided in the government's favor under controlling precedent, it follows that Lichnowski cannot satisfy the "more demanding standard" in the D.C. Circuit that the issue "very well could be decided the other way." *Perholtz*, 836 F.2d at 555.

Second, notwithstanding the D.C. Circuit's decision in *Griffin*, the government proved at trial that the defendant knew that the Vice President was or would be temporarily visiting the Capitol on January 6, 2021. Indeed, Lichnowski testified that she knew Vice President Mike Pence would be at the Capitol to preside over the certification. July 10, 2024, Trial Tr. 25:6-21. This Court found that, even if the government had such a burden, the government proved beyond a reasonable doubt that Lichnowski knew that the Vice President would be presiding over the certification at the Capitol on January 6. *See id. at* 120:4-16. Thus, even assuming Lichnowski's argument about section 1752(a)(1)'s knowledge requirement had some merit on appeal, it would still fail because the record evidence establishes that she knew the Vice President would be visiting the Capitol that day.

## II. THE DEFENDANT HAS FAILED TO DEMONSTRATE THAT HER APPEAL IS NOT FOR PURPOSES OF DELAY.

Finally, Lichnowski must demonstrate that her appeal is not for purposes of delay. Again, the defendant bears the burden on this issue and Lichnowski offers no meaningful argument to meet that burden. *See United States v. Nacchio*, 608 F. Supp. 2d 1237, 1242 (D. Colo. 2009) (defendant "offers neither an affirmative statement that the appeal is not interposed for purpose of delay, nor any meaningful argument."). Rather, Lichnowski does nothing more than insist that she "is not seeking bond to delay the proceedings, but rather to preserve her ability to remain out of custody while the appeal is pending." ECF No. 78 at 5. That is insufficient. Lichnowski has not

yet filed her appeal, but none of the issues she raises, as discussed above, come close to presenting a substantial question that is likely to result in reversal or a reduced sentenced. Moreover, Lichnowski previously made a last-minute effort to delay sentencing based on the mere potential that she may receive some form of clemency in the future. *See* ECF No. 71. The Court denied that motion as a dilatory tactic. *See* ECF No. 73. On this record, Lichnowski's failure to offer more than a conclusory statement to the contrary falls well short of meeting her burden to show that her appeal is not for purposes of delay.

## CONCLUSION

For the foregoing reasons, the defendant's motion for bond pending appeal should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Jake E. Struebing*
Jake E. Struebing
Assistant U.S. Attorney
D.C. Bar No. 1673292
U.S. Attorney's Office for the
District of Columbia
601 D Street, N.W.
Washington, DC 20530
Phone: (202) 252-6931
Email: Jake.Struebing@usdoj.gov