IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No.: 1:23-cr-00341-RBW-1 |
| : | |
| ANNA LICHNOWSKI : | |
| : | |
| Defendant. : | |

### DEFENDANT ANNA LICHNOWSKI'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR APPEAL BOND

Anna Lichnowski, defendant, by counsel, replies to the Government's response (ECF# 79) in opposition to the defendant's motion for appeal bond (ECF#78).

The Government states that the defendant "retreads" for appeal the argument that that 18 U.S.C. § 1752 "requires a clear, observable demarcation of the restricted area." To be fair, that is not the defendant's argument. The defendant's argument is that the Court convicted the defendant on evidence that was legally insufficient to prove that she entered or remained in a "restricted building," as defined by statute. In finding the defendant guilty, the Court relied upon evidence of a fire alarm going off, broken glass on the floor and a window broken next to the door entered by the defendant to go into the Capitol building, and the presence of a number of police officers in the building. (Note that the Court had already found that defendant not guilty of entering "restricted grounds" of the Capitol.) The defendant contends on appeal that such evidence does not meet the statute's requirement that the accused knowingly entered and remained in a "posted, cordoned off, or otherwise restricted area." This *is* a substantial legal question for appeal, for several reasons. First, the Capitol itself was not "posted," as the Court recognized. Judge Walton stated on the record, Day Three, pp. 116-117: "Admittedly, there were no actual signs that were on the Capitol building itself saying that entry was not permitted." Second, the Capitol itself was not cordoned-

1

off, either outside or inside the Capitol itself, in so far as the defendant was aware when she approached the building and entered.  So, the question is whether the evidence in regard to the defendant's presence at that time met the statutory definition of "otherwise restricted."  Defendant submits that it did not.  The evidence was limited to the defendant sporadically hearing a fire alarm going off, seeing a broken window and someone climbing through it, and seeing police officers in the building who were not communicating orders to her or anyone else to disburse – the kind of thing one would expect to occur in a "riot." While the Court determined that such evidence was sufficient to convict, it did allow for the possibility that the Court of Appeals might see it differently.  The Court stated to defense counsel: "If you're right, the Court of Appeals will say you're right if there's a conviction in this case, but you're knocking a door that ain't opening, so let's move on." Day Three, p. 134.  On appeal, the defendant will indeed argue that such evidence is not legally sufficient to prove that the building was "otherwise restricted," since the remaining facts do not closely resemble a "posted" or "cordoned off" area.  A reasonable person in the defendant's shoes might have reasonably thought that a fire alarm may have gone off for innocent reasons, that a vandalized broken window does not become a restricted building for that reason, and that the presence of numerous police officers who do not communicate clearly that she and other demonstrators must leave is a signal that she may both enter and stay in the building for the time being without breaking the law. This indeed is a substantial legal question for appeal and merits an appeal bond under 18 U.S.C. § 3143(b).

    The defendant also argues for an appeal bond because she intends to appeal as error the Court's decision not to require proof of knowledge on the part of the defendant that the Vice President was in the restricted area.  18 U.S.C. § 1752(c)(1)(B).  The Government points to *Griffin v. United States*, 119 4th 1001 (D.C. Cir. 2024) as dispositive of the question.   The defendant's

motion concedes this point. However, the Court should still consider an appeal bond because the issue raises a substantial legal question. This is obvious to anyone who reads Circuit Judge Katsas' dissent or anyone who knows that several other judges in this District share the same views. *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024) (Cobb, J.); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024) (Cooper, J.); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023) (Nichols, J.); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023) (Lamberth, J.).

Nevertheless, the Government argues that it "proved at trial that Lichnowski knew the Vice President was or would be temporarily visiting the Capitol on January 6, 2021." But the Government ignores both the fact that defendant testified that she thought the building was evacuated at that point, Day Two, p. 160, and that the Court did not make a finding on this question, since it took the position that the statute does not require proof that the defendant knew the Vice President was in the restricted area. Trial Day Three, p. 63. Thus, the question whether the statute requires proof of knowledge that a Secret Service protectee was in the restricted area remains a substantial legal question for an appeal.

    /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301 699-8706 Fax
TRoberts@robertsandwood.com

3

/s Augustus Invictus
Augustus Invictus, Esq.
424 E Central Blvd. # 731
Orlando, FL 32801-1923
Phone: (407) 625-5636
invictuspa@protonmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant's Reply to the Government's Response to the Defendant's Motion for an Appeal Bond was electronically filed on December 17, 2024, via the CM/ECF File & Serve system, and an electronic copy was e-served on:

Jake E. Struebing
Assistant U.S. Attorneys
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20053
Eric.Boylan@usdoj.gov
Jake.Struebing@usdoj.gov


   /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III