## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )        Criminal Action No. 23-341 (RBW)
                                    )
ANNA LICHNOWSKI,                    )
                                    )
                Defendant.          )
_____)

## ORDER

On July 10, 2024, at the conclusion of a three-day bench trial, the Court entered a guilty

verdict against the defendant for the crimes of (1) Entering and Remaining in a Restricted

Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) ("Count One"); (2) Disorderly and

Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)

("Count Two"); (3) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C.

§ 5104(e)(2)(D) ("Count Three"); and (4) Parading, Demonstrating, or Picketing in a Capitol

Building, in violation of 40 U.S.C. § 5104(e)(2)(G) ("Count Four"). See Order at 1 (July 11,

2024), ECF No. 58; see also Information, ECF No. 18. On November 8, 2024, the Court

sentenced the defendant to a forty-five-day prison sentence on Count One, followed by a three-

year term of supervised release. See Judgment in a Criminal Case at 1, ECF No. 75.[1] And, on

November 21, 2024, the defendant filed a Notice of Appeal, challenging her conviction. See

Notice of Appeal, ECF No. 77. Subsequently, on December 6, 2024, the defendant filed a

motion for bond pending appeal, see Motion for Bond Pending Appeal ("Def.'s Mot.") at 1, ECF

---

[1] The Court also sentenced the defendant to a three-year probation sentence on Count Two, and one-year probation sentences as to Count Three and Count Four, "all designed to run concurrently with each other as well as the defendant's supervised release." Id. at 7.

No. 78, which the government opposes, <u>see</u> United States' Response in Opposition to Defendant's Motion for Bond Pending Appeal ("Gov't's Opp'n") at 1, ECF No. 79.  Upon consideration of the parties' submissions,[2] the Court concludes that it must deny the defendant's motion.

Pursuant to 18 U.S.C. § 3143(b)(1), the Court "<u>shall</u> order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," 18 U.S.C. § 3143(b)(1) (emphasis added), unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i)  reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

<u>Id.</u> (emphasis added).  Thus, under § 3143(b), "[t]he law has shifted from a presumption of release to a presumption of valid conviction," <u>United States v. Perholtz</u>, 836 F.2d 554, 556 (D.C. Cir. 1987) (citation omitted), and the defendant bears the burden of rebutting this presumption and "demonstrat[ing] that [s]he has a substantial question to present [upon appeal] before [s]he may be admitted to bail," <u>United States v. Shoffner</u>, 791 F.2d 586, 589 (7th Cir. 1986); <u>see</u> <u>United States v. Colon Berrios</u>, 791 F.2d 211, 214 n.4 (1st Cir. 1986) (stating that "[i]n enacting

---

[2] In addition to the filings already identified, the Court considered the Defendant Anna Lichnowski's Reply to the Government's Response in Opposition to Defendant's Motion for Appeal Bond ("Def.'s Reply"), ECF No. 80.

§ 3143[(b)], Congress placed the burden as to all elements bearing on whether to grant bail pending appeal on [the] defendant[]") (emphasis in original) (citations omitted).

    The District of Columbia Circuit has held that an issue is "substantial" for the purposes of § 3143(b) if it "is a close question or one that very well could have been decided the other way." Perholtz, 836 F.2d at 555 (internal quotation marks and footnote omitted); see, e.g., United States v. Day, 433 F. Supp. 2d 54, 55 (D.D.C. 2006) (applying the Perholtz standard); United States v. Quinn, 416 F. Supp. 2d 133, 135 (D.D.C. 2006) (same).  In so holding, the District of Columbia Circuit considered "[t]wo differing standards for determining substantiality [that had] been adopted in the various circuits," choosing to adopt the "more demanding" of the two standards "because it appears better to accord with the expressed congressional intent to increase the required showing on the part of the defendant." Perholtz, 836 F.2d at 555–56.  "Accordingly, if the Court cannot conclude that the defendant raises 'a close question or one that could very well have been decided the other way,' it is bound to order that the defendant be detained." United States v. Libby, 498 F. Supp. 2d 1, 5 (D.D.C. 2007) (Walton, J.) (quoting Perholtz, 836 F.2d at 555) (internal quotation marks and footnote omitted).  "However, if the Court finds that the defendant does raise a substantial question of law or fact, it must release the defendant while [s]he pursues h[er] appeal." Id. (citing 18 U.S.C. § 3143(b)(1)).

    Here, the defendant argues that she meets all the statutory requirements for being granted bond pending appeal. See Def.'s Mot. at 5.  Because the Court must find that the defendant's appeal "raises a substantial question of law or fact" that is "likely to result in" reversal, an order for a new trial, a sentence other than a term of imprisonment, or a reduced sentence in order to grant the defendant's motion, 18 U.S.C. § 3143(b)(1)(B), the Court will address this consideration first.  And, because the Court ultimately concludes that the defendant has not

established that her appeal is likely to result in reversal or other relief from the Court's judgment, the Court need not address the remaining factors.

In regards to the merits of her appeal, the defendant argues that her appeal "is likely to result in a reversal or an order for a new trial[]" for two reasons. Def.'s Mot. at 3. First, the defendant reiterates her argument raised at trial that there was insufficient factual evidence to establish that the Capitol Building was "restricted" under 18 U.S.C. § 1752(a)(1) because "[t]he evidence at trial neither showed posted signs nor a cordon[,]" and although "[t]he Court stated that the fire alarm and broken glass, among other things, should have signaled to the [d]efendant that she was not welcome in the Capitol Building at that time[,] [ ] this is not the meaning of 'restricted' under the statute." Id. at 4. Second, the defendant argues that the government was required to prove that the defendant "knew that the Vice President was present at the Capitol Building[]" in order to satisfy the statutory definition of "restricted[.]" Id. The defendant argues that "[a]lthough the [District of Columbia Circuit] recently decided . . . that this knowledge is not required to satisfy the statute, [the d]efendant would rely upon the dissent . . . , which states that it is, in fact, required." Id. (citing United States v. Griffin, 119 F.4th 1001, 1026–37 (D.C. Cir. 2024)).

The Court is unpersuaded by either of the defendant's arguments. First, regarding the factual predicate required to establish that the Capitol Building was "restricted," the District of Columbia Circuit in Griffin expressly rejected the defendant's argument that "only a clear, observable demarcation would suffice[]" to satisfy the statute, based on the statutory text, its legislative history, and the absurd result of reading such a requirement into the statute. Griffin, 119 F.4th at 1009. During the trial, the government introduced evidence clearly demonstrating that at the time the defendant entered the Capitol Building, there were alarms sounding and

4

broken glass in the vicinity of where the defendant entered the building.  And, as the defendant

notes, the Court concluded that these indications, among others, clearly put the defendant on

notice that she was not lawfully authorized to enter the Capitol Building when she did.[3]  See

United States v. Ballenger, No. 21-719 (JEB), 2023 WL 4581846, at *3 (D.D.C. July 18, 2023)

(similarly declining to construe the statutory language narrowly and concluding that "flash

bangs, sirens, blaring alarm, broken glass, and tear gas that [the d]efendants encountered were

sufficient to mark the areas they crossed as restricted") (citation omitted).  Therefore, in light of

the District of Columbia's Circuit's binding decision in Griffin and the record in this case, the

Court concludes that the defendant has failed to establish that this issue "is a close question or

one that very well could have been decided the other way."  Perholtz, 836 F.2d at 555.

As to the defendant's second argument, she admits that the District of Columbia Circuit

has recently spoken to this precise question and held that "the government was not required to

prove that [the defendant] was aware that the Vice President's presence was the reason the

grounds remained restricted."  Griffin, 119 F.4th at 1004.  Indeed, the Circuit's majority opinion

emphasized that the defendant's proposed "reading of the extent of the statute's knowledge

requirement fails because it is contrary to both Supreme Court precedent and contextual evidence

of Congress's purpose."  Id. at 1012.  Despite this acknowledgment, the defendant argues, based

on the lone dissent in Griffin and opinions of several other members of this Court that predate

Griffin, that she has raised a substantial legal question.  See Def.'s Reply at 2–3.  However, in

light of the Circuits unequivocal and binding rejection of the defendant's position in Griffin, the

---

[3] The defendant contends that "[w]hile the Court determined that such evidence was sufficient to convict, it did
allow for the possibility that the Court of Appeals might see it differently."  Def.'s Reply at 2.  While the Court
made that statement, it was merely theoretically opining on the dubious possibility that the District of Columbia
Circuit "might see [the matter] differently[,]" id., which does not equate to "a close question or one that very well
could have been decided the other way[,]" Perholtz, 836 F.2d at 555.

Court concludes that the defendant has failed to establish that this second issue "is a close question or one that very well could have been decided the other way." Perholtz, 836 F.2d at 555.[4]

Therefore, because the defendant has failed to rebut the "presumption of valid conviction[]" in her case, Perholtz, 836 F.2d at 556 (citation omitted), by demonstrating a "substantial question of law or fact" likely to result in a reversal or a new trial, 18 U.S.C. § 3143(b)(1)(B), the Court concludes that it must deny her motion for bond pending appeal.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion for Bond Pending Appeal, ECF No. 78, is **DENIED**.

**SO ORDERED** this 19th day of December, 2024.

REGGIE B. WALTON
United States District Judge

---

[4] Although the defendant relies on the dissent in Griffin, as well as the possibility that Griffin may be appealed, as support for her position, Def.'s Mot. at 4, the Court concludes that these factors alone are insufficient to establish that the defendant's appeal is "likely to result" in a reversal or order for a new trial, 18 U.S.C. § 3143(b)(1)(B).